IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1908.

---

PATRICK CONNOLLY v. NORTH JERSEY STREET RAILWAY
COMPANY.

Argued November 7, 1907—Decided February 24, 1908.

1. The obligation of a master to use care to provide his servants with a safe place in which to work does not impose upon him the duty of inspecting the premises for the purpose of discovering whether temporarily dangerous conditions have been created by his servants through the careless performance of their work.
2. A master who has provided his servants with a safe place in which to do their work is not liable upon the ground of that obligation, if the place is made temporarily unsafe by the negligence of servants employed, not to provide the place, but to do the work in the place.

---

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Samuel Kalisch* and *Chauncey G. Parker*.

For the defendant in error, *John A. Bernhard*.

VOL. XLVII.                              1

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, who was a motorman in the defendant's employ, seeks by this action to recover for personal injuries alleged to have resulted from the defendant's negligence in failing to furnish him a safe place in which to carry on his work. The case made by him at the trial was this: About a quarter before six o'clock in the morning of the day of the accident he went to the car barn of the defendant company, where his car had been housed during the night, for the purpose of taking it out on its first trip. On looking over the car to see if it was in good order he observed that it was without a bell tap. He thereupon went to the side wall of the barn, where there was a shelf upon which such articles were kept, for the purpose of procuring one. There were a number of storage tracks in the barn, the nearest one to the side wall being within five feet of it. The floor of the barn was of concrete, and sloped downward from the wall to the track. While the plaintiff was standing in the space between the wall and the track getting the bell tap from the shelf, a car, which had been standing on this track, was started out. As it approached him the plaintiff observed that a loose car truck, consisting of two car wheels and an axle, had in some way become caught in the rear part of the car which was approaching him, and was sweeping the passageway in which he stood. It was so close to him when he saw it that he had no opportunity to escape, and was crushed between it and the wall. The loose truck had been seen standing in the passageway against the wall on the previous evening, between six and half-past six o'clock, by one of the witnesses produced by the plaintiff. When it was placed there, or who put it there, was not shown. It appeared, however, that when in repairing a car (which was sometimes done in the barn) it was necessary to remove either of its trucks, the men engaged in the work would either leave the loose truck upon the rails temporarily, or else put it in this passageway for the time being. It further appeared that when placed in the passageway the truck would run down upon the nearest track, owing to the slope in the floor, unless

the wheels were blocked. In addition, it was shown that the movement of cars coming into or going out of the barn caused the building to vibrate to some extent, but that the vibration had never, up to the time of the accident (so far as the witnesses knew), been sufficient to dislodge the blocking of a loose truck and cause the truck to move down the slope to the track. These facts, the trial judge considered, disclosed no failure on the part of the defendant company in the performance of any duty which it owed to the plaintiff, and for this reason he directed a nonsuit. Upon the judgment entered in pursuance of this direction the writ in this case was brought, and the nonsuit is assigned for error.

The theory upon which the plaintiff supports his contention that the case submitted by him made the question of his employer's liability one for the jury is thus stated in the brief of his counsel: "The movement of the truck from the position in which it had been placed, apparently securely, must have been due to some cause, and as there was no convulsion of nature, and the plaintiff had nothing to do with such movement, the cause must have been some act of negligence. It is certain that the movement must have been caused by the improper bracing or blocking of the truck, and that improper blocking must have been caused either by the act of a fellow-servant, or the act of the master and the act of the fellow-servant combined. If the truck was apparently secure, and it is considered that this place was in constant vibration by the movement of heavy trolley cars out and in at all hours, and frequently during each hour, on every track, it is apparent that reasonable care required that there should have been inspection and examination to see if the truck should continue to be safely blocked. This was a duty of the master, and as no cause was shown to intervene between the time when the truck was apparently safe and the moment of the accident which could sufficiently explain the movement of the truck, except the constant vibration of the cars over a considerable period, and there was no proof by the master as to how securely the truck was blocked, and with what, and when, the jury were entitled to infer from the evidence that the

method of blocking the truck in the first instance was not changed, and that its movement was due to improper blocking, which must have been discoverable by the exercise of care by the master, since the matter was clearly open to observation."

If the claim that, under the conditions named, it was the duty of the master to inspect the blocking of this truck at some time between six o'clock of the evening preceding the accident and quarter before six the next morning is well founded, then the case should have been allowed to go to the jury, for no such inspection was made by the defendant. The claim, however, is without legal support. The duty of properly blocking the truck was not a duty resting upon the master, but upon the fellow-servants of the plaintiff who put it there. *Blonski* v. *American Enameled Brick, &c., Co., post* 89. The obligation of the master to use care to provide his servants with a safe place in which to work does not impose upon him the burden of inspecting the premises for the purpose of discovering whether temporarily dangerous conditions have been created by his servants by carelessness in the doing of their work. Such an inspection would be entirely useless unless it was continuous, for it is just as likely that the dangerous condition would be created the moment the master's back was turned as at any other time. The master's duty is to use care to see that the place in which his employes carry on his work "is free from any inherent dangers; he is not chargeable with the consequences of a place for work made dangerous only by the carelessness and neglect of fellow-servants, or for the negligent manner in which they use the tools or materials furnished them for their work." *Hussey* v. *Coger,* 112 *N. Y.* 614. "Having provided a safe place, the master is not liable upon the ground of that obligation if the place is made unsafe by the negligence of servants employed, not to provide the place, but to do the work in the place." *McLaine* v. *Head & Dowst Co.,* 71 *N. H.* 294.

The judgment under review will be affirmed.